IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

## STATE OF TENNESSEE v. TERRANCE BURKE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-07795     Joseph B. Dailey, Judge**

---

**No. W2000-02614-CCA-R3-CD - Filed April 26, 2002**

---

The Defendant was convicted of intentionally evading arrest in an automobile, a Class E felony. The trial court sentenced the Defendant as a career offender to six years incarceration. The Defendant now appeals, arguing that the trial court erred by classifying him as a career offender. Concluding that the evidence was insufficient to support the trial court's determination that the Defendant is a career offender, we reverse the judgment of the trial court and remand for re-sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

James M. Gulley, Memphis, Tennessee, for the Appellant, Terrance Burke.

Paul G. Summers, Attorney General and Reporter; Laura McMullen Ford, Assistant Attorney General; William L. Gibbons, District Attorney General; Amy P. Weirich, Assistant District Attorney General; Jennifer Smith Nichols, Assistant District Attorney General; and Daniel S. Byer, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Officers Lowell Duke and Dorothy Hyman testified that at approximately 10:00 p.m. on January 19, 1998, they observed the Defendant, Terrance Burke, run a red light in Memphis. The officers testified that they turned on their lights and sirens and pursued the Defendant. Duke testified that the Defendant was speeding in excess of 100 miles an hour and that he was driving erratically. Finally, the Defendant's car appeared to have mechanical problems and stopped. Officers Duke and Hyman arrested the Defendant.

A Shelby County jury convicted the Defendant of intentionally evading arrest in an automobile. The trial court found that the Defendant had six prior felony convictions and sentenced

him as a career offender to six years incarceration with a Release Eligibility Date percentage of 60%. See Tenn. Code Ann. § 40-35-108. However, the Defendant contends that two of the six convictions used to classify him as a career offender were committed within twenty-four hours of each other and therefore should have been considered one conviction for the purpose of determining prior convictions. See id. § 40-35-108(b)(4). With five prior felony convictions, the Defendant would properly be sentenced as a Range III persistent offender, subject to a sentencing range of four to six years and a Release Eligibility Date percentage of 45%. See id. § 40-35-107.

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Id. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). In this case, the Defendant challenges the range of his sentence. Because the trial court considered the relevant facts and circumstances pertaining to the range of the Defendant's sentence, our review is de novo with a presumption of correctness.

In sentencing a defendant, the trial court must first determine the appropriate offender status based upon a defendant's prior criminal record. See Tenn. Code Ann. § 40-35-104 to -109. The court then determines the appropriate range to establish the minimum and maximum sentence available. See id. If a defendant is convicted of a Class D or E felony and has at least six prior felony convictions of any classification, then the defendant should be classified as a "career offender." Id. § 40-35-108(a)(3). Tennessee Code Annotated § 40-35-108(b)(4), otherwise referred to as the twenty-four hour merger rule, provides as follows:

> Convictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours constitute one (1) conviction for the purpose of determining prior convictions; however, acts resulting in bodily injury or threatened bodily injury to the victim or victims shall not be construed to be a single course of conduct . . . .

In this case, the State produced evidence of six prior felony convictions. Two convictions, one for escape and one for criminal attempt theft of property over $1,000, occurred on April 18, 1995. According to the record, the Defendant escaped from police while being escorted from the robbery squad office to the jail. While fleeing, the Defendant approached a woman on the street and attempted to take her purse.

The trial court relied on the affidavits contained in the arrest warrants to reach its conclusions about the facts and circumstances of the prior convictions. The following affidavit was read into the record by the trial court with no objection by the defense:

> This morning at approximately 9:35 a.m., Sergeant T. W. Bracey [] was escorting the defendant, Terrance T. Burke, from the Robbery Squad Office back to

jail when the defendant managed to free his hands out of the handcuffs and run out of the doors of the [Criminal Justice Center] complex on the north side of the building.

At this time Defendant Terrance Burke continued to run westbound on Poplar and to the south side of the CJC where he attempted to rob a female Oriental of her purse.

At this point a foot chase ensued by Sergeants Bracey and Maxwell whereby the defendant was apprehended and brought back to the Shelby County jail to be locked up.

Although both convictions occurred within a twenty-four hour period, the trial court found that the convictions should be considered separately because they fall under the "threatened bodily injury" exception. Id. This exception applies when "more than one previous act involving bodily injury or threatened bodily injury" occurred. State v. Horton, 880 S.W.2d 732, 736 (Tenn. Crim. App. 1994). The trial court reasoned as follows:

In my opinion, those acts did result in threatened bodily injury to the – to all three victims, actually. I think its [sic] very arguable that first of all with regard to the escape and the threatened bodily injury to the officers that an individual who is willing to free his hands from handcuffs and bolt out a door, as he's being led back to the jail by robbery officers and continues to run and attempt to get away would pose a threat to those officers who are out there chasing him down – running down Poplar Avenue and having to chase him down and tackle him.

So I think he's clearly acted in a manner that would have threatened those two officers. Then he obviously threatened the lady whose purse he tried to take, but apparently didn't get away with it before the officers chased him on down; threatened violence to her.

We've all seen far too many cases that began as an attempt to take a purse and wound up with victims being seriously injured in these courts. And so I think that those two cases clearly according to 40-35-108 should be considered as separate convictions; of course, then would get us to the requisite six prior convictions.

The Defendant argues that the trial court failed to properly interpret the word "acts" in the twenty-four hour merger rule exception. Specifically, the Defendant contends that since causing or threatening to cause bodily injury are not elements of the offenses at issue, the convictions should necessarily not fall under the bodily injury exception. We disagree. Although Tennessee Code Annotated § 40-35-108(b)(4) provides that "convictions" committed as part of a single course of conduct within twenty-four hours should constitute one conviction for the purpose of determining prior convictions, the statute plainly states that "acts" resulting in bodily injury or threatening bodily injury should be considered separately. This Court has held that the Tennessee Code Annotated §

40-35-106(b)(4) exception[1] "relates the word 'acts' with the course of conduct to which the conduct applies." Horton, 880 S.W.2d at 735. Thus, we conclude that the circumstances of the offenses should be considered in determining whether bodily injury or threatened bodily injury occurred.

We respectfully disagree with the trial court's finding that the Defendant's prior convictions involved "threatened bodily injury." The only evidence in the record pertaining to this issue is the aforementioned affidavit contained in an arrest warrant, which was read into the record by the trial court. The description of the circumstances of the escape does not contain a factual basis to support the conclusion that the Defendant caused or threatened bodily injury to Sgt. Bracey or to Sgt. Maxwell during the escape, nor does the description of the attempted theft contain facts to support the conclusion that the Defendant caused or threatened bodily injury to the victim of the attempted theft. Although, like the trial court, we can certainly envision circumstances of an escape or an attempted theft that would include the threat of bodily injury to a victim, such circumstances are simply not present in the record of this case.

A finding by a trial court that a defendant is a career offender must be beyond a reasonable doubt. Tenn. Code Ann. § 40-35-108(c). We conclude that the sparse record in this case pertaining to the circumstances of the Defendant's prior convictions is not sufficient to support the trial court's findings that the escape conviction and the attempted theft conviction should be considered separately under the "threatened bodily injury" exception to the twenty-four hour merger rule. See id. § 40-35-108(b)(4). Therefore, we reverse the judgment of the trial court and remand this case to the trial court to re-sentence the Defendant as a Range III persistent offender.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[1]The language of the twenty-four hour merger rule exceptions under Tennessee Code Annotated § 40-35-106(b)(4) and Tennessee Code Annotated § 40-35-108(b)(4) are identical.